AM

FILED
MAR 28 2019 AM
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 19 CR 192 |
| v. | ) |
| | ) Violations: Title 18, United States |
| ROMMELL KELLOGG, a/k/a "Rod," and | ) Code, Sections 371 and 1952(a)(3) |
| COREY JOHNSON, a/k/a "Coco" | ) JUDGE COLEMAN |
| | ) MAGISTRATE JUDGE VALDEZ |

## COUNT ONE

The SPECIAL DECEMBER 2017 GRAND JURY charges:

1. At times material to this indictment:

(a) Defendant ROMMELL KELLOGG was a resident of Harvey, Illinois.

(b) Defendant COREY JOHNSON was a resident of Harvey, Illinois.

(c) Individual A was a Harvey Police officer and Planning Department employee.

(d) Individual B and Individual C were Harvey police officers.

(e) Business 1 was a club located in Harvey, Illinois.

(f) Individual 1 oversaw and directed Business 1's activities until Individual 1's death in or around 2008.

(g) Individual 2 oversaw and directed Business 1's activities after Individual 1's death.

(h) Individual 3 was an employee and manager at Business 1.

2. Beginning no later than in or around 2003, and continuing until in or around May 2018, at Harvey, in the Northern District of Illinois, Eastern Division, and elsewhere,

> ROMMELL KELLOGG, a/k/a "Rod," and
> COREY JOHNSON, a/k/a "Coco,"

defendants herein, together with others known and unknown to the Grand Jury, conspired to use and cause to be used a facility in interstate commerce with the intent to promote, manage, carry on, and facilitate the promotion, management, and carrying on of an unlawful activity, namely, theft in violation of 720 ILCS 5/16-1, and intimidation, in violation of 720 ILCS 5/12-6, and thereafter to perform and attempt to perform an act of promotion, management, and carrying on, and facilitation of the promotion, management, and carrying on, of the unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

### Manner and Means of the Conspiracy

3. It was part of the conspiracy that JOHNSON, KELLOGG, and others demanded and received, and agreed to demand and receive, cash payments from Business 1, by threatening Individual 1, Individual 2, Individual 3, and others that the City of Harvey would interfere with Business 1's operations if Business 1 failed to make the payments.

4. It was further part of the conspiracy that JOHNSON and KELLOGG used and caused to be used interstate communication facilities, including cellular telephones and an associated Apple iMessage data network, to plan and coordinate their receipt of the cash payments.

5. It was further part of the conspiracy that KELLOGG used JOHNSON as a conduit or "bagman" to receive cash payments from Business 1, which were delivered approximately twice a month by Individual 1, Individual 2, and Individual 3.

6. It was further part of the conspiracy that, in order to conceal their receipt of unlawful payments, KELLOGG and JOHNSON arranged to collect cash payments from Individual 3 at a forest preserve and other isolated locations.

7. It was further part of the conspiracy that, in order to conceal their receipt of unlawful payments, KELLOGG and JOHNSON used coded and vague language to refer to the cash payments they received from Business 1.

8. It was further part of the conspiracy that City of Harvey police officers, including Individual C, ordered Business 1 to close down when Individual 1 refused to make cash payments to JOHNSON.

9. It was further part of the conspiracy that, when cash payments to JOHNSON were late, City of Harvey police officers, including Individual A and Individual B, visited and attempted to visit Individual 3 at Business 1 in order to pressure Individual 3 into making cash payments on behalf of Business 1.

10. It was further part of the conspiracy that KELLOGG and JOHNSON misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence, purpose, and acts done in furtherance of the conspiracy.

Overt Acts

11. To effect the objects of the conspiracy, defendants did commit the following overt acts, among others, in the Northern District of Illinois, Eastern Division:

(a) On or about October 6, 2017, JOHNSON received a $1,500 cash payment from Individual 3.

(b) On or about November 9, 2017, Individuals B and C visited Individual 3 at Business 1.

(c) On or about November 14, 2017, JOHNSON demanded a $7,500 payment from Individual 3.

(d) On or about November 16, 2017, JOHNSON received a $4,500 cash payment from Individual 3.

(e) On or about December 14, 2017, JOHNSON received a $3,000 cash payment from Individual 3.

(f) On or about January 19, 2018, JOHNSON received a $3,000 cash payment from Individual 3.

(g) On or about January 23, 2018, KELLOGG met with Individual 3 at Business 1 and told Individual 3 that Individual 2 had to continue making payments on behalf of Business 1 to KELLOGG through JOHNSON.

(h) On or about March 23, 2018, JOHNSON received a $3,000 cash payment from Individual 3.

(i) On or about April 8, 2018, after Individual 3 failed to make a bi-weekly payment to JOHNSON, Individuals B and C visited Business 1 and asked to speak with Individual 3.

(j) On or about April 23, 2018, JOHNSON received a $3,000 cash payment from Individual 3.

(k) On or about May 22, 2018, KELLOGG received a $3,000 cash payment from Individual 3.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

On or about March 23, 2018, at approximately 11:46 a.m., at Harvey, in the Northern District of Illinois, Eastern Division, and elsewhere,

> ROMMELL KELLOGG, a/k/a "Rod," and
> COREY JOHNSON, a/k/a "Coco,"

defendants herein, used and caused to be used a facility in interstate commerce, specifically, a cellular telephone and an associated iMessage data network, with intent to promote, manage, carry on, and facilitate the promotion, management, and carrying on of an unlawful activity, namely, theft in violation of 720 ILCS 5/16-1, and intimidation, in violation of 720 ILCS 5/12-6, and thereafter did perform and attempt to perform an act of promotion, management, and carrying on, and facilitation of the promotion, management, and carrying on, of the unlawful activity;

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT THREE

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

On or about April 23, 2018, at approximately 10:57 a.m., at Harvey, in the Northern District of Illinois, Eastern Division, and elsewhere,

>ROMMELL KELLOGG, a/k/a "Rod," and
>COREY JOHNSON, a/k/a "Coco,"

defendants herein, used and caused to be used a facility in interstate commerce, specifically, a cellular telephone and an associated iMessage data network, with intent to promote, manage, carry on, and facilitate the promotion, management, and carrying on of an unlawful activity, namely, theft in violation of 720 ILCS 5/16-1, and intimidation, in violation of 720 ILCS 5/12-6, and thereafter did perform and attempt to perform an act of promotion, management, and carrying on, and facilitation of the promotion, management, and carrying on, of the unlawful activity;

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT FOUR

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

On or about May 17, 2018, at approximately 5:44 p.m., at Harvey, in the Northern District of Illinois, Eastern Division, and elsewhere,

> ROMMELL KELLOGG, a/k/a "Rod," and
> COREY JOHNSON, a/k/a "Coco,"

defendants herein, used and caused to be used a facility in interstate commerce, namely, a cellular telephone and an associated iMessage data network, with the intent to promote, manage, carry on, and facilitate the promotion, management, and carrying on of an unlawful activity, namely, theft in violation of 720 ILCS 5/16-1, and intimidation, in violation of 720 ILCS 5/12-6, and thereafter did perform and attempt to perform an act of promotion, management, and carrying on, and facilitation of the promotion, management, and carrying on, of the unlawful activity;

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT FIVE

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

On or about May 19, 2018, at approximately 1:02 a.m., at Harvey, in the Northern District of Illinois, Eastern Division, and elsewhere,

> ROMMELL KELLOGG, a/k/a "Rod," and
> COREY JOHNSON, a/k/a "Coco,"

defendants herein, used and caused to be used a facility in interstate commerce, specifically, a cellular telephone and an associated iMessage data network, with the intent to promote, manage, carry on, and facilitate the promotion, management, and carrying on of an unlawful activity, namely, theft in violation of 720 ILCS 5/16-1, and intimidation, in violation of 720 ILCS 5/12-6, and thereafter did perform and attempt to perform an act of promotion, management, and carrying on, and facilitation of the promotion, management, and carrying on, of the unlawful activity;

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## FORFEITURE ALLEGATION

The SPECIAL DECEMBER 2017 GRAND JURY alleges:

1. The allegations contained in Counts One through Five of the indictment are realleged and incorporated herin by reference.

2. Pursuant to Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), and upon conviction of one or more of the offenses alleged in Counts One through Five of the indictment, the defendants shall forfeit to the United States of America all right, title, and interest in:

    a. any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense; and

    b. any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

    c. The property to be forfeited includes, but is not limited to:

        i. A personal money judgment against ROMMELL KELLOGG in the amount of $800,000.

3. If any of the forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence,

    b. has been transferred or sold to, or deposited with, a third party,

    c. has been placed beyond the jurisdiction of the court,

    d. has been substantially diminished in value, or

      e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

All in accordance with Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Sections 853 and 881, Title 28, United States Code Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

11