UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROMMELL KELLOGG and<br>COREY JOHNSON | No. 19 CR 192<br><br>Honorable Sharon Johnson Coleman |

## GOVERNMENT'S SUPPLEMENTAL MOTION *IN LIMINE*

The government submits one additional motion in limine to supplement its omnibus motions in limine, filed on April 15, 2022, at Docket Number 109.

                              Respectfully submitted,

                              JOHN R. LAUSCH, JR.
                              United States Attorney

By:   /s/ *Megan DeMarco*
        SEAN J.B. FRANZBLAU
        MEGAN DEMARCO
        Assistant U.S. Attorneys
        219 South Dearborn, Room 500
        Chicago, IL 60604
        (312) 353-5300

Dated: January 13, 2023

I.   **Motion to Compel Disclosure of Defendant's Brief in Support of His Entrapment Defense**

On April 15, 2022, defendant Corey Johnson filed a notice of entrapment defense, Dkt. #110, and a memorandum in support of his defense. Dkt. #11. Defendant filed the memorandum ex parte and under seal. The government hereby moves to compel disclosure of defendant's brief in support of his entrapment defense.[1]

A.   **Legal Standard**

Entrapment by the government is a complete defense. *United States v. Anderson*, 55 F.4th 545, 549–50 (7th Cir. 2022). To prevail on the defense, the defendant must come forward with evidence of two elements: that he was not predisposed to commit the crime, and that the government induced him to commit it. *Id.*; *United States v. Mayfield*, 771 F.3d 417, 420 (7th Cir. 2014) (en banc).

Predisposition refers to whether the defendant was likely to commit the crime, even without government intervention. *Anderson*, 55 F.4th at 549. It refers to the "likelihood that the defendant would have committed the crime without the government's intervention." *Mayfield,* 771 F.3d at 436. The focus is on the defendant's circumstances before and at the time the government first approached him with a proposal to commit the crime. *Anderson*, 55 F.4th at 551. In evaluating predisposition, courts consider: the defendant's character or reputation; whether the government initially suggested the criminal activity; whether the defendant engaged in the criminal activity for profit; the nature of the inducement or persuasion by the

---

[1] On January 11, 2023, the government requested a copy of defendant's ex parte, under seal brief, and defense counsel declined to provide it.

government; and whether the defendant evidenced a reluctance to commit the offense that was overcome by government persuasion. *Id.* at 552.

Inducement means government solicitation of the crime, plus some other conduct that risks causing someone to commit a crime, even if he would not have done so if left to his own devices. *Id.* at 549. It is more than that the government "merely solicited, suggested, or created the 'ordinary' opportunity to commit the crime." *Id.* at 551 (quoting *Mayfield*, 771 F.3d at 434). Inducement requires a degree of persistence or persuasion that exceeds the "typical enticements and temptations the crime or criminal actors pose to a defendant." *Id.* at 551–52. For example, repeated attempts at persuasion; fraudulent representations; threats, coercive tactics, or harassment; promises of reward beyond that inherent in the customary execution of the crime; and pleas based on need, sympathy, or friendship, are all additional government conduct that could lead to inducement. *Id.*

The defendant bears the initial burden of offering "some" evidence of both inducement and lack of predisposition. *Id.* at 553. The initial burden is "not great"—defendant needs more than a scintilla of evidence of entrapment, but need only point to evidence in the record "that would allow a rational jury to conclude that he was entrapped." *Id.* at 550, 553 (quoting *Mayfield*, 771 F.3d at 440). If he meets his burden, the Court must instruct the jury on entrapment, and the government must prove beyond a reasonable doubt that the defendant was predisposed to commit the charged crime, or, alternatively, that there was no inducement. *Id.* at 553.

3

Entrapment is "regularly litigated … before trial, on the government's motion in limine to preclude the defense." *Mayfield*, 771 F.3d at 440–41. Predisposition is a factual question and is rarely susceptible to pretrial resolution *Id.* at 441. However, the inducement inquiry may be "appropriate for pretrial resolution," *id.*, because, if the government shows that the government "did nothing more than solicit the crime on standard terms," then entrapment is "unavailable as a matter of law." *Id.*; *see also United States v. Mercado*, 53 F.4th 1071, 1085 (7th Cir. 2022) ("Where there is insufficient evidence of inducement—either because there is no such evidence at all, or because the government did nothing more than offer a standard market deal in a sting—there is no need to consider predisposition." (quoting *United States v. Plowman*, 700 F.3d 1052, 1057 (7th Cir. 2012))).

### B. Argument

#### 1. The Government Is Entitled to Disclosure of the Evidence Supporting Defendant's Affirmative Defense

Here, defendant has offered the Court an ex parte, under seal offer of proof in support of his entrapment defense. He has provided the Court no justification in support of this unusual practice. Nor has he given the government any indication of the substance of the proffer. Without any information about what defendant's theory of entrapment is, the government cannot take a well-informed position about whether to file a motion to preclude the defense, or whether it would agree that defendant has met his burden under *Mayfield*. The latter scenario would relieve the Court of the need to resolve a pretrial dispute, as well as eliminate a potential appellate issue.

4

Further, many things turn on the contours of defendant's entrapment defense. For example: jury instructions, further motions in limine (for example, the government may seek to introduce evidence under Rule 404(b) to prove predisposition), and the government's witnesses and exhibits. Giving the government notice of the substance of defendant's argument at the pretrial stage will avoid the need to litigate these issues in the middle of trial.

In addition to preventing the government from taking an informed pre-trial position and the Court from efficiently adjudicating a pretrial issue, defendant's ex parte, under seal filing also prejudices the government's ability to meet its burden at trial. If defendant argues entrapment to the jury, the government bears the burden to prove beyond a reasonable doubt that defendant was not induced by the government, or that he was predisposed to commit the crime. *Anderson*, 55 F.4th at 553. The government cannot prepare to meet its burden without *any* information about the evidence underlying the defense.[2] *See, e.g.*, *United States v. Peel*, 2007 WL 641563, at *1–3 (S.D. Ill. Mar. 1, 2007) (rejecting defendant's motion to present expert testimony in camera because "the government is entitled … to contest the relevance of this expert's testimony, and to rebut the testimony at trial with its own expert witness"). Defendant is presumably offering evidence to the Court that he believes is admissible and intends to introduce at trial, in open court, in furtherance of his

---

[2] If the Court finds that there are compelling reasons to keep defendant's memorandum under seal, the government alternatively requests that the Court compel defendant to identify sections of the memo for which there is a justification to keep the memo ex parte, and provide the government with a copy that redacts those sections.

5

defense. The government is entitled to know what evidence defendant is relying on so it may take a position on whether that evidence is admissible, whether the jury should be instructed accordingly, and properly prepare its case.[3] Nor can the government rely on the opportunity to meet its burden in rebuttal—defendant may offer his affirmative defense through cross-examination of the government's witnesses rather than through his case in chief. In that scenario, the government will not have an opportunity to bring a rebuttal case.

Further, given that defendant's burden is "not great," and he need only produce "some evidence," *Anderson*, 55 F.4th at 553, defendant would suffer little to no prejudice by telling the government what evidence supports inducement and lack of predisposition. The government is not seeking defendant's entire trial strategy—only a proffer that he believes is sufficient to satisfy his initial burden under *Mayfield*.

Finally, it bears note that in some cases, the government moves to preclude an entrapment defense before the defendant files his offer of proof based on informal representations from defense counsel, or the government's expectation of defendant's strategy based on the evidence. In this case, however, the defendant's theory of

---

[3] As a matter of practice, filing proffers in support of entrapment defense is far from the typical practice in this district, although it is not unheard of, either. *See, e.g.*, 20 CR 49, *United States v. Zambrano*, (N.D. Ill.), Dkt. #78 (unsealed brief detailing defendant's evidence in support of entrapment defense); 20 CR 123, *United States v. Gonzalez*, (N.D. Ill.), Dkt. #76 (same); 16 CR 109, *United States v. Garcia* (N.D. Ill.), Dkt. #70 (same) 11 CR 148, *United States v. Alexander*, (N.D. Ill.), Dkt. #180 (same). *But see United States v. Lewis*, No. 07 CR 07 (N.D. Ill. Nov. 25, 2008), *aff'd*, 641 F.3d 773 (7th Cir. 2011) ("In response to the Government's motion, [defendant] submitted an ex parte pretrial proffer of evidence supporting his entrapment defense.").

6

entrapment is simply not apparent to the government on the face of the evidentiary record.

This is not a case in which the government approached defendant with a cooperator or undercover agent whom defendant had never met before and solicited a crime. To the contrary, the government's evidence at trial will show that defendant Johnson had been engaging in the conduct he's charged with for *years* before CS-3 began cooperating in 2017. CS-3 is the only government agent who approached defendant Johnson in this case, and thus the only person who could have induced him. As noted in the government's *Santiago* proffer, the government's evidence will show that CS-3 began dropping off weekly bribes for defendant Johnson in 2011 or 2012. Johnson collected the bribes for City of Harvey officials, who allowed Business 1 to continue operating in exchange.

CS-3 began cooperating in 2017. Thereafter, CS-3 and Johnson simply carried on the same relationship that they had previously had—the differences were that CS-3 began recording their conversations, and the purported bribes came from the FBI instead of Business 1. CS-3's first meeting with Johnson as a cooperator was not even at the direction of the government. CS-3 will testify that he delivered half of a bribe payment to Johnson after he began cooperating, at the direction of the owner of Business 1. CS-3 did not solicit defendant Johnson to commit the crimes he's charged with, let alone participate in other, additional conduct that caused him to commit

crimes he wouldn't have otherwise. Absent access to defendant's filing, the government is left only to speculate about defendant's evidence of inducement.[4]

## 2. Defendant's Ex Parte, Under Seal Filing is Improper

Defendant cites no authority for the proposition that a pretrial offer of proof supporting an entrapment defense may be filed ex parte or under seal, and he offers no justification for doing so. Notably, in the Seventh Circuit's comprehensive *en banc Mayfield* opinion, which was written to "clarify" the entrapment doctrine "both substantively and procedurally," 771 F.3d at 420, the Court included a heading entitled "Procedure," with a subheading entitled "Raising the Entrapment Defense." *Id.* at 440. In reviewing the defendant's burden of production and the procedure to be followed in raising the entrapment defendant, the Court never once mentioned, let alone sanctioned, the practice of filing defendant's pre-trial proffer of evidence ex parte or under seal.

That is not surprising, as "[i]n our adversary system, ex parte motions are disfavored." *Ayestas v. Davis*, 138 S. Ct. 1080, 1091 (2018); *United States v. Napue*, 834 F.2d 1311, 1318 (7th Cir. 1987) ("Ex parte communications are disfavored … [and] should be avoided whenever possible."). The Seventh Circuit has criticized the practice of filing evidentiary proffers ex parte and under seal as a matter of course. "Allowing sealed proffers when there exists a reasonable justification for them … is one thing; but a blanket policy that requires sealed, ex parte proffers … is quite

---

[4] The government reserves its right to file a more detailed motion in limine after reviewing defendant's offer of proof.

8

another." *United States v. Cox*, 923 F.2d 519, 527 (7th Cir. 1991). Reasonable justifications for filing an evidentiary proffer ex parte, for example, include danger to confidential sources or witnesses. *Cox*, 923 F.2d at 527; *see United States v. Valencia*, 420 F. App'x 599, 601 (7th Cir. 2011) (ex parte presentation may be justified if disclosure would "threaten the safety" of government informants); *Napue*, 834 F.2d at 1320–21 (same, where disclosure would "endanger [government] witnesses" and "risk[] revealing the identifies of the witnesses that the government sought to protect").

In general, however, a sealed, ex parte evidentiary proffer "forecloses" the opposing party from making an argument about sufficiency of the other side's offering before the evidence is heard by the jury. *Cox*, 923 F.2d at 527; *Napue*, 834 F.2d at 1319 (ex parte filing deprives the opposing party "of notice of the precise content of the communications and an opportunity to respond"). So too here. Defendant's ex parte filing forecloses the government from taking a position on whether defendant has met his evidentiary burden.

In addition to prejudice to the government that results from filing an evidentiary proffer ex parte, there is a "strong presumption in favor of public access to materials submitted as evidence in open court." *United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989); *United States v. Zambrano*, No. 1:20-CR-00049, 2021 WL 3709194, at *2 n.3 (N.D. Ill. Aug. 21, 2021) ("The Seventh Circuit has emphasized the principle 'that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that

9

should be held in confidence.'" (quoting *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogated on other grounds by Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378 (2016))); *United States v. Lanier*, 2019 WL 4415427, at *1–2 (S.D. Ill. Sept. 16, 2019) (materials "on which a judicial decision rests" are "presumptively in the public domain," absent exceptions such as protecting trade secrets and "other kinds of information deserving of long-term confidentiality").

For example, the Ninth Circuit upheld a district court's decision to deny defendant's ex parte motion to seal her offer of proof supporting her duress defense. *United States v. Carpenter*, 923 F.3d 1172, 1177 (9th Cir. 2019). The Ninth Circuit requires a pre-trial proffer of proof from defendants wishing to raise a duress defense, but the Court had "never held—nor indicated—that these proffers are entitled to secrecy or additional confidentiality." *Id.* at 1179. The Court held there was a presumptive common law right of access to such proffers that could only be overcome by a defendant's showing of a "compelling reason" to seal them. *Id.* The Ninth Circuit agreed with the district court that defendant's reluctance to disclose evidence to the government on fairness grounds was "not a compelling reason to seal the proffer." *Id.* at 1180.[5]

---

[5] The Court appeared to acknowledge, however, that a compelling reason for ex parte or under seal review might be if the defendant's evidence is his or her own testimony. *Carpenter*, 923 F.3d at 1180; *see also United States v. Gurolla*, 333 F.3d 944, 952–53 n.11 (9th Cir. 2003) (noting that requiring defendants to disclose the substance of their testimony to the prosecution for an entrapment defense might be unconstitutional, because it would force them to choose between their Fifth and Sixth Amendment rights). To date, defendant has not indicated that his own anticipated testimony is reflected in the proffer. Even if it were, defendant could provide a redacted version of the proffer.

10

So too here. The Seventh Circuit has never held or sanctioned the filing of pretrial evidentiary proffers supporting the defense of entrapment ex parte or under seal. And as in *Carpenter*, withholding litigation strategy from the government is not a compelling reason to overcome the presumption of public access to judicial records.

WHEREFORE, the government respectfully requests that this Court compel defendant Corey Johnson to provide the government with his brief in support of his entrapment defense.

                                              Respectfully submitted,

                                              JOHN R. LAUSCH, JR.
                                              United States Attorney

By:   */s/Megan DeMarco*
       SEAN FRANZBLAU
       MEGAN DEMARCO
       Assistant United States Attorneys
       219 S. Dearborn Street, Suite 500
       Chicago, Illinois 60604
       (312) 353-5300

Dated: January 13, 2023